Nathan Elmont ELI, Petitioner,

v.

Louis S. NELSON, Warden, California State Prison, San Quentin, Respondent.

No. C–70–638 AJZ.

United States District Court, N. D. California.

June 28, 1973.

Evelle J. Younger, Atty. Gen., of Cal., Karl S. Mayer, Deputy Atty. Gen., San Francisco, Cal., for respondent.

Paul N. Halvonik, San Francisco, Cal., for petitioner.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ZIRPOLI, District Judge.

Nathan Eli, a state prisoner, seeks a writ of habeas corpus freeing him from the consequences of a June 24, 1965, conviction for first degree murder. On the basis of People v. Anderson, 6 Cal.3d 628, 100 Cal.Rptr. 152, 493 P.2d 880 (1972), petitioner's judgment imposing the death penalty was irrevocably modified to life imprisonment. People v. Eli, 7 Cal.3d 420, 102 Cal.Rptr. 516, 498 P.2d 196 (1972). Thus, the court need consider only the non-death penalty issues raised in the petition. They are: (1) that the prosecution improperly brought matters concerning petitioner's past to the attention of the jury, and this was not harmless beyond a reasonable doubt; (2) that petitioner was found guilty by a jury selected in violation of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968); and (3) that petitioner's confession was extracted from him in violation of his constitutional rights. For the reasons discussed below, the court rejects the first two contentions as a matter of law and rejects the third based upon the state court transcript.

Petitioner first challenges the fairness of his trial, because the prosecutor asked each of his two character witnesses certain prejudicial questions. After each testified on direct examination to petitioner's good reputation, the prosecutor asked if they had heard that (1) at age 15 petitioner had stolen a tractor and trailer, (2) petitioner had stolen a truck from a lumber company, (3) petitioner had broken into a tire recapping company on three occasions and had stolen money, (4) in the Navy he was absent from his place of duty on two occasions and was absent without leave

for 14 days on one occasion, (5) in about 1962 petitioner had held his girl friend and forced her to watch him masturbate, and (6) in Japan he stole stereo equipment from a Japanese girl. The only events known to either of the witnesses were petitioner's absences while in the Navy.

■ The California Supreme Court held that it was error for the prosecutor to cross-examine the character witnesses in this manner, but that the questioning had not been prejudicial under the state law test. People v. Eli, 66 Cal.2d 63, 80, 56 Cal.Rptr. 916, 424 P.2d 356 (1967). Although the limits on cross-examination of character witnesses adopted by the California Supreme Court are similar to those applicable to federal courts, they stem from common law rules of evidence, not the Constitution. *See generally* Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). The mere fact that this error permitted hearsay evidence to come to the jury's attention did not violate the Confrontation Clause. *See* Dutton v. Evans, 400 U.S. 74, 86, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). Therefore, the state was free to apply its harmless error test rather than the test of "harmless beyond a reasonable doubt," which need be applied only to violations of constitutional rights. *See* Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ Petitioner next argues that his judgment of guilt must be reversed, because persons opposed to the death penalty were excluded from the jury. The Supreme Court refused to adopt a *per se* rule that convictions by such juries must be reversed. *See* Bumper v. North Carolina, 391 U.S. 543, 545, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); Witherspoon v. Illinois, 391 U.S. 510, 516–518, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). Petitioner has offered no particular facts to contradict the general assumption, established by these cases, that the exclusion of jurors opposed to capital punishment does not result in an unrepresentative jury on the issue of guilt or substantially increase the risk of conviction.

■ Finally, petitioner argues that his confession was taken in violation of his constitutional rights. In order to fully consider this last claim, the court appointed counsel to represent petitioner and directed the state to lodge a copy of the state court transcript. After careful examination of the transcript and consideration of the argument of counsel, the court concludes that no evidentiary hearing is necessary and that petitioner's constitutional rights were not violated.

■ No evidentiary hearing is necessary, because the state court hearing on this question was conducted fairly, petitioner was adequately represented by counsel, and the investigation of the factual questions involved was apparently as complete as possible. *See* Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Moreover, the state trial judge made complete findings of fact both when he denied the motion to suppress and when he denied the motion for a new trial. This court is bound by these findings. 28 U.S.C. § 2254(d); LaValle v. Rose, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973).

■ The conclusion that petitioner's constitutional rights were not violated is based upon the trial judge's findings and this court's own examination of the record. The trial court found, and this court agrees, that the statement was not obtained through threats, force, coercion, promise, or other police conduct which prevents the statement from being a voluntary one; that petitioner was advised of his right to an attorney as required by People v. Dorado, 62 Cal.2d 338, 42 Cal. Rptr. 169, 398 P.2d 361 (1965), and he voluntarily and knowingly declined to exercise that right; and that petitioner, although not quite twenty-one, was an intelligent young man who fully understood what his rights were and appreciated the consequences of waiving them. Thus, the court concludes that the confession cannot be deemed involuntary in any sense of the word.

228

The final question is whether any specific constitutional requirement was violated. Petitioner's statement was taken after the Supreme Court decided Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), but before it decided Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Therefore, only the specific mandate of *Escobedo* is applicable. *See* Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Since petitioner never requested counsel, even in response to specific offers, and he was warned of his absolute right to remain silent, the express holding of *Escobedo* was not violated. *See* 378 U.S. 490–491, 84 S.Ct. 1758. The facts that petitioner requested the presence of his parents, that he heard his parents ask if an attorney was necessary and be told no, and that he heard his parents ask to accompany him and be refused do not amount to a violation of *Escobedo's* implied restrictions. Unlike Escobedo, petitioner went ahead with the questioning knowing of his absolute right to remain silent, that someone who wished to be present to counsel him was not permitted to do so, and that an attorney could be called if that was his wish. Although a minor, he was an intelligent person only two months short of twenty-one years of age. Moreover, prior to voluntarily coming to the police station with his parents, he had consulted with them and they were present the first time he was advised that he need not make a statement, that any statement could be used in court, and that he was entitled to an attorney. In short, there is totally lacking here either the overbearing of will or the police misconduct that led the *Escobedo* Court to hold that the statement taken in that cases could not be used. Therefore, neither the rule nor reasoning of that case are applicable.

In accordance with the foregoing, which constitutes the court's findings of fact and conclusions of law,

It is ordered that the petition for writ of habeas corpus is denied.